IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES EUGENE KNIGHT** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **2:22-cv-08012-LSC** |
| | ) | **(2:08-cr-00383-LSC-NAD)** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OF OPINION

Petitioner Charles Eugene Knight ("Knight") filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) This Court has conducted a review of the motion and determines that it is due to be denied and this action dismissed.

**I.   Background**

On September 30, 2008, Knight was indicted on three counts: one count of possession with intent to distribute five grams or more cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of felon in possession of a firearm in violation of 18 U.S.C. §

1

922(g)(1). (Crim. Doc. 1.) A jury convicted Knight of all three counts on December 17, 2008. (Crim Docs. 35, 36, 37.)

This Court sentenced Knight to 293 months as to Counts 1 and 3 to run concurrently, and then 60 months as to Count 2 to run consecutively, for a total of 353 months. (Crim. Doc. 42.) This was to run consecutively with sentences imposed in state court in Jefferson County, Alabama. (*Id*.) Judgment was entered on February 6, 2009. (*Id*.) Knight appealed, and the Eleventh Circuit affirmed the decision of this Court. (Crim. Doc. 54.)

Knight filed his first motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on October 22, 2010. (*See* 2:10-cv-08046-LSC-JEO.) This Court denied Knight's motion on July 6, 2012. (*Id*.) Knight sought a certificate of appealability of this denial from the Eleventh Circuit, and that was denied on December 27, 2012. (*Id.*) On November 4, 2013, Knight filed a motion to reduce his sentence that this Court construed as a § 2255 motion. (Crim. Doc. 59.) This was dismissed for lack of jurisdiction because it was second and successive and Knight did not obtain the required order from the Eleventh Circuit authorizing the District Court to hear the motion. (Crim. Docs. 59, 60.) On August 3, 2015, Knight filed his third § 2255 motion, and this Court dismissed it once again for lack of jurisdiction. (Crim. Doc. 61; 2:15-cv-08017-LSC.) On July 22, 2016, Knight sought an order from the Eleventh Circuit to file a second and successive § 2255 motion, and that

was denied on November 21, 2017. (Crim. Docs. 62, 63.) Nonetheless, Knight filed another § 2255 motion on June 3, 2020 that was denied for lack of jurisdiction. (Crim. Doc. 64; 2:20-cv-08020-LSC.)

On April 25, 2022, retained counsel filed the instant motion.

## II. Discussion

This is Knight's fifth motion filed pursuant to § 2255. It, like the three previous motions, is due to be denied for lack of jurisdiction. 28 U.S.C. § 2255(h) requires Knight to follow the procedures of 28 U.S.C. § 2244(b)(3)(A), which states that before a second or successive § 2255 motion may be filed, the petitioner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no indication that Knight has received such authorization from the Eleventh Circuit. Therefore, Knight's motion is due to be dismissed for lack of jurisdiction.

## III. Conclusion

For the reasons stated above, the § 2255 motion (Doc. 1) is due to be denied and this case dismissed with prejudice for lack of jurisdiction.

Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Knight's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Knight's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** and **ORDERED** on September 6, 2023.

_____
L. Scott Coogler
United States District Judge

215708